# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2013

No. 12-31171
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND PEGG,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-271-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Raymond Pegg appeals his conviction for engaging in the business of dealing in firearms without a license, arguing that the evidence was insufficient to support his conviction. He contends the evidence indicated that he was not engaged in the business of selling firearms, and he did not need the money from the sale of firearms to support himself. He contends that he sold some firearms on one occasion to purchase a vehicle for his son, but maintains that selling a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gun collection is legal and does not constitute engaging in the business of dealing in firearms.

A review of the evidence indicates that a rational trier of fact could have found beyond a reasonable doubt that Pegg was engaged in the business of dealing in firearms without a license. *See United States v. Harris*, 666 F.3d 905, 907 (5th Cir. 2012). The jury rejected Pegg's testimony that he merely collected firearms and sold them occasionally, and this court may not substitute its own views on the credibility of witnesses for those of the jury. *See United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009). Pegg frequently bought firearms from the Barksdale Air Force Base Exchange and gun shows, he sold firearms for a profit, he did not keep records on these sales, and he sometimes advertised firearms for sale in the local newspaper. The evidence indicated that Pegg's prinicipal motivation for selling firearms was economic and that he made repetitive purchases and sales of firearms. The Government was not required to prove that Pegg's primary business was the sale of firearms or that he sold a specific number of firearms. For these reasons, a rational jury could have found beyond a reasonable doubt that Pegg was engaged in the business of selling firearms without a license. *See Harris*, 666 F.3d at 907.

AFFIRMED.